UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL R. FOLSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-94-RLY-WGH |
| | ) | |
| MENARD, INC., a Wisconsin Corporation; | ) | |
| CDI, INC., an Indiana Corporation; LAMAR | ) | |
| CONSTRUCTION COMPANY, a Michigan | ) | |
| Corporation; NORTH AMERICAN | ) | |
| ROOFING SERVICES, INC., a Delaware | ) | |
| Corporation; FABCON, INC., a Minnesota | ) | |
| Corporation, FABCON, LLC, a Limited Liability | ) | |
| Company of Delaware; CROWN CONSTRUCTION, | ) | |
| INC., an Indiana Corporation; and GARY'S | ) | |
| PLUMBING SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT MENARD, INC.'S MOTION TO
DISQUALIFY FROST BROWN TODD, LLC**

On November 3, 2010, Defendant Menard, Inc., filed a Motion to Disqualify Frost Brown Todd, LLC.

**I.     Background**

Defendant, Menard, Inc. ("Menard"), filed this motion seeking to disqualify Frost Brown Todd, LLC ("FBT") from representation of Defendant North American Roofing Services, Inc. ("NARSI"). From April 1, 2009, until October 14, 2010, FBT represented Menard in the matter of *Sanjay Patel, on behalf his minor child, R.P. v. Menard, Inc.*, 1:09-cv-360-TWP-DML in the United States District Court for the Southern District of

Indiana. FBT began its representation of NARSI in this matter on July 17, 2009, when Kevin C. Schiferl of FBT entered an appearance on behalf of NARS.

In this case, Plaintiff alleges that both Menard and NARSI are liable for his injuries. Menard has filed a crossclaim seeking indemnity from NARSI. Both NARSI and Menard presumably will argue that its share of fault under Indiana's Comparative Fault Act should be reduced by the fault of the other. Menard eventually requested that FBT withdraw from its representation of Menard in the *Patel* case, as well as its representation from NARSI in this case. While FBT did withdraw its appearance for Menard in the *Patel* case, FBT has declined to withdraw from this matter.

Menard filed the instant motion arguing that FBT is prohibited from concurrently representing Menard in another matter while it also represents NARSI in this matter because FBT's representation of NARSI in this matter is adverse to Menard and FBT failed to obtain consent from Menard for such representation. NARSI responded, arguing that there is no conflict of interest, that there would be substantial prejudice to NARSI if FBT were forced to withdraw, and that Menard has waived this issue.

## II.    Discussion

Rule 1.7 of the Indiana Rules of Professional Conduct explains that:

>   (a)    Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>   (1)    the representation of one client will be directly adverse to another client; or

> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

The Comments section of Rule 1.7 explains that "absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated." IND. R. PROF. CONDUCT 1.7, Comment 6. Furthermore, an attorney's withdrawal in one of the two conflicting matters does not remove the conflict; the Indiana Court of Appeals has explained that "conflicts may not be avoided by withdrawal." *Reed v. Hoosier Health Systems, Inc.,* 825 N.E.2d 408, 412 (Ind. Ct. App. 2005).

In this case, the facts clearly demonstrate that FBT represented Menard in the *Patel* matter. FBT also, during the same time period, represented and still represents NARSI in this matter. Therefore, we are clearly and unequivocally dealing with a

concurrent representation that implicates Rule 1.7.[1]  The question that must be resolved, then, is whether FBT's representation of NARSI is directly adverse to the representation of Menard.

Part of this suit involves a crossclaim by Menard alleging that NARSI was liable for the damages to Plaintiff because NARSI agreed to indemnify Menard.  NARSI essentially has rejected Menard's claim of indemnity.  FBT's actions of representing NARSI in this matter, therefore, clearly amount to being an advocate in this case against Menard.  FBT was required to inform both Menard and NARSI of this concurrent conflict of interest, and was required to obtain written, informed consent from both parties.  There is no evidence in the record that demonstrates that Menard provided written consent to FBT allowing the concurrent conflict of interest.[2]  And, as discussed in *Reed*, FBT's decision to withdraw from representation of Menard in the *Patel* matter did not eliminate the conflict.  Pursuant to the Indiana Rules of Professional Conduct as well as the Indiana

---

[1]NARSI has confused the issue of concurrent representation with the issue of prior representation.  NARSI mistakenly cites to Rule 1.9 of the Indiana Rules of Professional Conduct concerning former clients.  However, *Reed* makes clear that the attempt to turn a concurrent relationship into a former relationship by merely withdrawing from representation of one of the two parties will not suffice.  Therefore, NARSI's reliance on legal theories and arguments concerning conflicts of interest between a current client and a former client have no bearing on the court's legal analysis in this case.

[2]The *only* manner in which a concurrent conflict of interest under Rule 1.7 can be waived is in writing after informed consent.  *See Van Kirk v. Miller,* 869 N.E.2d 534, 541 (Ind. Ct. App. 2007).  Menard cannot, and did not, waive the concurrent conflict of interest in any manner other than through its informed written consent.

Court of Appeals decision in *Reed*, FBT is not permitted to represent NARSI in this matter, and Menard's motion must be granted.

## III. Conclusion

For the reasons outlined above, Defendant Menard, Inc.'s Motion to Disqualify Frost Brown Todd, LLC (Docket # 145) is **GRANTED.**

**SO ORDERED** the 13th day of April 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Gerald F. Allega
STATHAM ALLEGA JESSEN & RUDISILL
saj@statham-aj.com

Bradley A. Bough
WRIGHT SHAGLEY & LOWERY
bbough@wslfirm.com

Jake A. Cilek
THE HUNT LAW GROUP LLC
jcilek@hunt-lawgroup.com

Kathleen A. Clark
DAWSON & CLARK, P.C.
kclark@dawson-clark.com

Aimee Rivera Cole
SMITH FISHER MAAS & HOWARD
arivera@smithfisher.com

Donald H. Dawson Jr
DAWSON & CLARK, P.C.
ddawson@dawson-clark.com

James L. Fischer Jr.
BOEHL STOPHER & GRAVES, LLP
jfischer@bsg-in.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

Jeffrey W. Henning
RUDOLPH FINE PORTER & JOHNSON, LLP
jwh@rfpj.com

Brian J. Hunt
THE HUNT LAW GROUP LLC
bhunt@hunt-lawgroup.com

John J. Kreighbaum
FINE & HATFIELD
jjk@fine-hatfield.com

Marcum Jarvis Lloyd
SMITH FISHER MAAS & HOWARD P.C.
mlloyd@smithfisher.com

Rebecca Jean Maas
SMITH FISHER MAAS & HOWARD
rmaas@smithfisher.com

Michelle R. Maslowski
FROST BROWN TODD LLC
mmaslowski@fbtlaw.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

William Scott Trench
THE HUNT LAW GROUP LLC
strench@hunt-lawgroup.com

Scott Lee Tyler
Waters, Tyler, Scott, Hofmann & Doane, LLC
styler@wtshdlaw.com

Robert L. Wright
WRIGHT SHAGLEY & LOWERY, P.C.
rwright@wslfirm.com