UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL R. FOLSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-94-RLY-WGH |
| | ) | |
| MENARD, INC., a Wisconsin Corporation; | ) | |
| CDI, INC., an Indiana Corporation; LAMAR | ) | |
| CONSTRUCTION COMPANY, a Michigan | ) | |
| Corporation; NORTH AMERICAN | ) | |
| ROOFING SERVICES, INC., a Delaware | ) | |
| Corporation; FABCON, INC., a Minnesota | ) | |
| Corporation; FABCON, LLC, a Limited Liability | ) | |
| Company of Delaware; CROWN CONSTRUCTION, | ) | |
| INC., an Indiana Corporation; and GARY'S | ) | |
| PLUMBING SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR
## LEAVE TO AMEND ANSWER IN ORDER TO STATE
## NON-PARTY DEFENSE AGAINST PATRIOT ENGINEERING

On January 31, 2011, Defendant, CDI, Inc., filed a Motion for Leave to Amend Answer in Order to State Non-Party Defense Against Patriot Engineering. The court, having considered the motion, all filed documents and relevant law, and being duly advised, now **DENIES** the motion.

In its Motion for Leave to Amend Answer, CDI, Inc. ("CDI") asserted certain facts which are not disputed and include the following:

1. Based on injuries he sustained as the result of a partial collapse of a Menard's Department Store on September 26, 2007, the Plaintiff filed suit against CDI and others on July 15, 2009.

2. CDI filed its original Answer to the Plaintiff's Complaint on September 14, 2009. At such time, CDI did not list Patriot as a non-party because CDI was unaware that Patriot may have been partially or entirely at fault with respect to the Plaintiff's damages.

3. With respect to the construction of the Menards which collapsed, Patriot was hired directly by Menards to inspect welds and bolts.

4. On December 16, 2010, the Plaintiff filed his Amended Complaint for Damages, which raised additional allegations against Menards.

5. CDI filed its Answer to the Plaintiff's Amended Complaint on January 12, 2011. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days after serving such pleading if the amendment is made before trial. In the present case, because 21 days have not passed since CDI filed its Answer to the Plaintiff's Amended Complaint on January 12, 2011, CDI should be permitted to file an Amended Answer as a matter of course, without seeking leave of the Court.

6. However, to the extent that leave of the Court may be required in order to add Patriot as a non-party Defendant, CDI asserts that such leave should be granted in accordance with Indiana Code 34-51-2-16.

7. Pursuant to I.C. 34-51-2-16, if a Defendant is served with a complaint and summons more than 150 days before the expiration of the limitation of action applicable to the claimant's claim against the non-party, the Defendant must plead any non-party defense not later than 45 days before the expiration of that limitation of action. In the present case, the Plaintiff filed his Complaint against CDI on July 15, 2009, only 73 days prior to the expiration of the two-year statute of limitations on September 26, 2009. As such, pursuant to the statute, CDI was only required to plead a nonparty defense with reasonable promptness.

8. On or about January 6, 2011, structural engineer Mark Valenzuela completed an affidavit at the request of the Plaintiff, including the following conclusion: "It is my conclusion that had the strap plates been welded to the embedded plates as shown in Detail 4 of the Plaintiff's Deposition Exhibit 11A at both the North and South Columns, the structural components of the building west of the joist girder (G5) would not have collapsed into the interior of the building striking Michael Folsom as reported in his deposition.

9. This affidavit was then filed by the Plaintiff on January 7, 2011, as part of the Plaintiff's Response in Opposition to co-defendant Lamar's Motion for Summary Judgment.

(Motion for Leave to Amend Answer at 1-3).

CDI contends that it was only upon reviewing the summary judgment pleadings and the affidavit of Dr. Valenzuela that CDI gained actual knowledge that Patriot may have been at fault in causing the Plaintiff's damages. CDI then requested leave to amend its Answer.

The Plaintiff objects and points to the fact that Patriot's potential liability was disclosed as early as in the deposition of James Carlson taken July 15, 2010. Other information, including the deposition of Wayne Linderman, establishes that by October 13, 2010, certain alleged failures to weld plates were a significant omission in the construction process. Also on October 13, 2010, a Patriot representative testified as to Patriot's presence and participation in the construction process.

This complicated construction case has involved at least seven defendants (not including Patriot). Extensive discovery and – significantly – almost all of the trial preparation necessary for an originally scheduled trial on April 18, 2011, have been completed. The court has had to reschedule the trial because of its inability to reach all in

3

limine motions filed, but the court did not intend to reopen the discovery process; rather, the new trial date was issued to allow the court to address pending pretrial issues.  In this case, there is critical delay in raising this issue on January 31, 2011, for the first time prior to an April 18 trial date.  The court concludes that to amend at this time would cause significant additional discovery after the parties have become trial ready and that the amendment in this case falls within those that have been unduly delayed and would cause substantial prejudice to all parties.  This is because all parties would have to retake many depositions addressing potential fault for Patriot and significantly amend motions in limine.

Because in this case the amendment was raised at a late date, and because significant expense would occur, the Motion for Leave to Amend Answer (Docket # 238) is **DENIED.**

**SO ORDERED** this 29th day of April 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Gerald F. Allega
STATHAM ALLEGA JESSEN & RUDISILL
saj@statham-aj.com

Bradley A. Bough
WRIGHT SHAGLEY & LOWERY
bbough@wslfirm.com

Jake A. Cilek
THE HUNT LAW GROUP LLC
jcilek@hunt-lawgroup.com

Kathleen A. Clark
DAWSON & CLARK, P.C.
kclark@dawson-clark.com

Aimee Rivera Cole
SMITH FISHER MAAS & HOWARD
arivera@smithfisher.com

Donald H. Dawson Jr
DAWSON & CLARK, P.C.
ddawson@dawson-clark.com

James L. Fischer Jr.
BOEHL STOPHER & GRAVES, LLP
jfischer@bsg-in.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

Jeffrey W. Henning
RUDOLPH FINE PORTER & JOHNSON, LLP
jwh@rfpj.com

Brian J. Hunt
THE HUNT LAW GROUP LLC
bhunt@hunt-lawgroup.com

John J. Kreighbaum
FINE & HATFIELD
jjk@fine-hatfield.com

Marcum Jarvis Lloyd
SMITH FISHER MAAS & HOWARD P.C.
mlloyd@smithfisher.com

Rebecca Jean Maas
SMITH FISHER MAAS & HOWARD
rmaas@smithfisher.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

William Scott Trench
THE HUNT LAW GROUP LLC
strench@hunt-lawgroup.com

Scott Lee Tyler
Waters, Tyler, Scott, Hofmann & Doane, LLC
styler@wtshdlaw.com

Robert L. Wright
WRIGHT SHAGLEY & LOWERY, P.C.
rwright@wslfirm.com