UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL R. FOLSOM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:09-cv-094-RLY-WGH |
| | ) | |
| MENARD, INC., CDI, INC., LAMAR | ) | |
| CONSTRUCTION COMPANY, NORTH | ) | |
| AMERICAN ROOFING SERVICES, INC., | ) | |
| FABCON, INC., FABCON, LLC, CROWN | ) | |
| CONSTRUCTION, INC., and GARY | ) | |
| PLUMBING SERVICES, INC., | ) | |
| Defendants. | ) | |
| | ) | |
| CDI, INC. and MENARD, INC. | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REDDINGER CONSTRUCTORS, INC., | ) | |
| Third-Party Defendant. | ) | |

**ENTRY ON CROWN CONSTRUCTION, INC.'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of a partial roof collapse during construction at a new Menard, Inc. retail store ("Menards") in Princeton, Indiana. Plaintiff alleges that the drains for the roof were not adequately cut, and that, after a heavy rain, the roof collapsed from the weight of the water. Plaintiff was below the roof at the time of the collapse and suffered severe physical injuries.

Crown Construction, Inc. ("Crown") was the carpentry contractor. All parties agree

1

that Crown's work did not cause or contribute to the loss. Crown therefore moves for summary judgment on the only claim brought against it – Plaintiff's claim for negligence. Plaintiff does not oppose this motion, but CDI, Inc. ("CDI"), the general contractor, and Menards, do oppose this motion for different reasons.

**A.   CDI**

CDI does not dispute the facts advanced by Crown in support of its motion for summary judgment. Rather, CDI asserts that Crown is not entitled to summary judgment with respect to CDI's Cross-Claim[1] against Crown for additional insured protection to CDI. More specifically, CDI maintains that pursuant to the Subcontract between CDI and Crown, Crown was required to obtain insurance protecting CDI "regardless of whether negligence on the part of Crown contributed to the accident." (CDI's Response at 4).

The relevant insurance provision of the Subcontract is found in Section 9.1, and provides as follows:

> Prior to starting work, the Subcontractor shall obtain the required insurance from a responsible insurer, and shall furnish satisfactory evidence to the Contractor that the Subcontractor has complied with the requirements of this Article 9. Similarly, the Contractor shall furnish to the Subcontractor satisfactory evidence of insurance required of the Contractor by the Contract Documents. It is agreed that this insurance covers the liability assumed by the [S]ubcontractor under this contract with CDI, Inc. It is further agreed that CDI, Inc. and Menard, Inc. will be listed as additional insured [sic] with respect to any liability arising out of work performed under this contract. The coverage afforded the additional CDI, Inc. and Menard, Inc. shall be

---

[1] The Cross-Claim also alleges that Crown owes indemnity to CDI to the extent the injuries were caused by the negligence of Crown. (Cross-Claim ¶¶ 2, 3). CDI concedes that it is not entitled to indemnity given the facts of this case.

2

primary insurance for the additional insured.

(Subcontract between CDI and Crown, CDI's Ex. 1).

The goal in contract construction is to ascertain and enforce the parties' intent as expressed in the parties' contract. *Eskew v. Cornett*, 744 N.E.2d 954, 957 (Ind. Ct. App. 2001). The unambiguous language of a written contract is a question of law, and is well-suited for summary disposition. *Bicknell Minerals, Inc. v. Tilly*, 570 N.E.2d 1307, 1310 (Ind. Ct. App. 1991). Where the language of a written contract is plain and unambiguous, the language of the contract "is conclusive upon the parties to the contract and upon the courts." *Id*. (citing *Peoples Bank & Trust Co. v. Price*, 714 N.E.2d 712, 716 (Ind. Ct. App. 1999)). Thus, in resolving the parties' contract dispute, the court does not look to extrinsic evidence, but enforces the contract according to its terms. *Id.* at 1311.

Here, the language of Section 9.1 is plain and unambiguous; it requires Crown to provide insurance to cover liability arising out of Crown's work under its Subcontract with CDI. Contrary to CDI's assertion, this provision does not require Crown to provide insurance to CDI for any liability arising out of the work performed by other subcontractors. Because it is undisputed that Crown's work at Menard's did not cause or contribute to the Plaintiff's injuries, Crown's motion for summary judgment must be **GRANTED**. In addition, there are no facts to support CDI's Cross-Claim for additional insured coverage. However, because Crown did not file a motion for summary judgment with respect to CDI's Cross-Claim, the court may not grant summary judgment to Crown on CDI's Cross-Claim at this time.

3

### B. Menards

Menards does not oppose Crown's motion for summary judgment per se, but requests that if the court grants the motion, that Crown remain as a non-party. A "nonparty" is defined as "a party who caused or contributed to cause the alleged injury, death or damage to property but who has not been joined in the action as a defendant." Ind. Code § 34-6-2-88. It is undisputed that Crown did not cause or contribute to the Plaintiff's injuries. Accordingly, Crown's motion for summary judgment must be **GRANTED**. As this is an adjudication on the merits of this case, Menards' request to seek leave of court to name Crown as a non-party is **DENIED**.

### C. Conclusion

There is no evidence in the record to support the inference that Crown caused or contributed to the Plaintiff's injuries. Accordingly, Crown's Motion for Summary Judgment (Docket # 168) is **GRANTED**, and Menards' request for leave to name Crown as a non-party is **DENIED**.

**SO ORDERED** this  19th  day of July 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

4

Electronic Copies to:

Gerald F. Allega
STATHAM ALLEGA JESSEN & RUDISILL
saj@statham-aj.com

Bradley A. Bough
WRIGHT SHAGLEY & LOWERY
bbough@wslfirm.com

Jake A. Cilek
THE HUNT LAW GROUP LLC
jcilek@hunt-lawgroup.com

Kathleen A. Clark
DAWSON & CLARK, P.C.
kclark@dawson-clark.com

Aimee Rivera Cole
SMITH FISHER MAAS & HOWARD
arivera@smithfisher.com

Donald H. Dawson Jr
DAWSON & CLARK, P.C.
ddawson@dawson-clark.com

James L. Fischer Jr.
BOEHL STOPHER & GRAVES, LLP
jfischer@bsg-in.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

Jeffrey W. Henning
RUDOLPH FINE PORTER & JOHNSON, LLP
jwh@rfpj.com

Brian J. Hunt
THE HUNT LAW GROUP LLC
bhunt@hunt-lawgroup.com

John J. Kreighbaum
FINE & HATFIELD
jjk@fine-hatfield.com

Marcum Jarvis Lloyd
SMITH FISHER MAAS & HOWARD P.C.
mlloyd@smithfisher.com

Rebecca Jean Maas
SMITH FISHER MAAS & HOWARD
rmaas@smithfisher.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

William Scott Trench
THE HUNT LAW GROUP LLC
strench@hunt-lawgroup.com

Scott Lee Tyler
Waters, Tyler, Scott, Hofmann & Doane, LLC
styler@wtshdlaw.com

Robert L. Wright
WRIGHT SHAGLEY & LOWERY, P.C.
rwright@wslfirm.com

Copy to:

Lindsay A. Watson
THE HUNT LAW GROUP, LLC
20 N. Wacker Drive, Suite 1711
Chicago, IL 60606